**David FORTIER**

v.

**Edward A. LOVEJOY, Sr.**

Supreme Judicial Court of Maine.

Argued Jan. 5, 1987.

Decided Feb. 10, 1987.

Daviau, Jabar & Batten, Joseph Jabar (orally), Waterville, for plaintiff.

Richardson, Tyler & Troubh, Wendell G. Large (orally), James A. McCormack, Portland, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

In this motor vehicle negligence action plaintiff David Fortier appeals from the judgment entered by the Superior Court (Cumberland County) pursuant to a jury verdict for defendant Edward Lovejoy. We conclude that, in the special circumstances of this case, the presiding justice by admitting evidence that plaintiff had been involved in previous motor vehicle accidents exceeded the scope of the discretion vested in him by M.R.Evid. 403.

Fortier brought this suit to recover damages for injuries to his hand and knee resulting from a collision between Lovejoy's automobile and Fortier's motorcycle at the intersection of High Street and Park Avenue in Portland. Upon defense counsel's motion *in limine* the presiding justice ruled that although counsel could not refer to Fortier's prior "motorcycle accidents," counsel would be permitted to refer to his prior "motor vehicle accidents" for purposes of showing the preexisting condition of Fortier's hand and knee. Pursuant to that ruling, Lovejoy's counsel at trial established through cross-examination of Fortier that his prior injuries had resulted from motor vehicle accidents and later referred on several occasions to those accidents.

M.R.Evid. 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." The balancing of probative value against prejudicial effect under Rule 403 rests within the sound discretion of the presiding justice. *State v. Lagasse*, 410 A.2d 537, 541 (Me.1980). However broad that discretion may be, however, we hold that, in the factual circumstances here present, the admission before the jury of evidence that Fortier had been involved in earlier motor vehicle accidents deprived him of a fair trial.

The prejudicial effect of the references to Fortier's prior accidents substantially outweighed their probative value. Liability was a hotly contested issue at trial. The determination of liability hinged upon whether the jury believed Fortier's version of the accident (that Lovejoy negligently cut across Fortier's path) or Lovejoy's version (that Fortier in the process of driving straight across the intersection negligently tried to pass Lovejoy by pulling into the left turning lane). The presiding justice correctly ruled that the evidence of prior accidents was not admissible on the liability issue. *See* M.R.Evid. 404(b). However, he failed to recognize that allowing the jury to learn of the prior accidents even as part of Lovejoy's proof of prior damage to Fortier's hand and knee created a substantial risk that the jurors would be influenced in their determination of liability. The jurors could well have inferred from the fact of Fortier's earlier involvement in motor vehicle accidents that he was an accident-prone driver and that he was likely to have been driving in a negligent manner at the time of his encounter with Lovejoy. In the present circumstances, any attempt to in-

struct the jury to use the evidence of prior motor vehicle accidents only in assessing damages would mean little to the lay jurors and would run the risk of further accentuating the significance of those accidents in their minds.

On the other side of the Rule 403 balance, the probative value of this evidence was minimal. The fact that Fortier incurred the injuries to his knee and hand in motor vehicle accidents, rather than from some other cause, had little or no probative value in showing the extent and nature of those injuries. Also, in weighing the probative value of the proffered evidence against its prejudicial effect, the presiding justice should have considered the availability of other and less prejudicial means of proof. Field & Murray, *Maine Evidence* § 403.2, at 59–60 (1976). As noted by plaintiff's counsel in objecting to the presiding justice's *in limine* ruling, the consequence of earlier injuries suffered by Fortier could have been put in evidence without reference to accidents, let alone to motor vehicle accidents.

The entry is:

Judgment vacated.

All concurring.